IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-09-0183 |
| ERIC BROWN, | * | |
| Defendant. | * | |

## MEMORANDUM

In 2011, Defendant Eric Brown was sentenced to 144 months pursuant to a "C" plea agreement (referring to Federal Rule of Criminal Procedure 11(c)(1)(C)). (Judgment, ECF No. 515.) Following Amendment 782, which reduced by two levels the offense levels assigned to certain drug quantities under U.S.S.G. § 2D1.1, Defendant moved to amend his sentence. *See* 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 711.) The Government opposed the reduction, claiming that his "C" plea was not based on the Sentencing Guidelines and, consequently, pursuant to *Freeman v. United States*, 131 S. Ct. 2685 (2011), he was ineligible for relief.[1] (Opp. Mot., ECF No. 719-1.) After *Hughes v. United States*, 138 S. Ct. 1765 (2018), Defendant again moved to amend his sentence. (Mot., ECF No. 744.)

*Hughes* "significantly expanded the circumstances in which a defendant sentenced pursuant to a ["C"] plea agreement may be entitled to a sentence reduction." *United States v. Taylor*, 741 F. App'x 161, 162 (4th Cir. 2018). In *Hughes*, the Supreme Court held that a "C" plea

---

[1] The docket reflects that the Court terminated Defendant's first motion to reduce sentence (Mot., ECF No. 711) on January 26, 2017, but it is not clear whether the Court denied that motion. In asserting that Defendant's first motion was denied, the Government points to its own draft order. (Prop. Order, ECF No. 719-2.) Despite the confusion, it makes no difference here. Regardless of whether the Court denied the first motion, its decision today is the same.

agreement is based on the Sentencing Guidelines—as required for sentence reduction eligibility—if the sentencing court relied on the Guidelines range as "part of the framework" in accepting the agreement. 138 S. Ct. at 1775. The Court concluded that, "in most cases, a defendant's sentence will be 'based on' his Guidelines range." *Id.* at 1776. "[A]bsent clear demonstration, based on the record as a whole," that the sentencing court discarded the range, a defendant is eligible for a sentence reduction. *Id.* Here, the plea contained a thorough application of the Guidelines to Defendant's case. (Plea at 3, ECF No. 744-1.) The sentencing court asked the Government about the Guidelines stipulations at rearraignment. (Tr. at 7, ECF No. 744-2.) And, at sentencing, the Government made sure to compare its recommended sentence to the Guidelines range for the court's consideration. (Tr. at 2–3, 4, ECF No. 744-3). In short, the Guidelines were a "part of the framework" on which the sentencing court relied in accepting the "C" plea.

The Government does not dispute that Defendant's sentence was based on the Guidelines. Rather, the Government argues that Defendant's motion should be denied as a successive petition, citing a series of cases for the proposition that, under § 3582(c)(2), a defendant has one opportunity to pursue a sentence reduction under Amendment 782—meaning a court cannot reconsider a motion to reduce a sentence that it has granted or denied. But none of the cited cases speak to the issue at hand because none involve a change in the governing law under which the defendant was sentenced. Section 3582(c)(2) allows a court to modify a sentence which was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." As § 3582(c)(2) allows a defendant to move for reduction based on a change by the Sentencing Commission, a later change in Supreme Court precedent, extending eligibility to more defendants, should allow those newly eligible defendants to so move, despite any prior attempts. While this is Defendant's second § 3582(c)(2) motion, it is his first post-*Hughes* § 3582(c)(2) motion. To

2

conclude that Defendant is not allowed to avail himself of *Hughes* would functionally ignore a directive from the Supreme Court.

For the foregoing reasons an Order shall enter granting Defendant's motion for a reduced sentence. In 2011, the sentencing court accepted Defendant's "C" plea and sentenced him to 144 months, a sentence below his Guidelines range. Defendant now asks for 135 months, the bottom of his reduced Guidelines range. The Government does not oppose this reduced sentence. The Order shall reduce Defendant's sentence of imprisonment to 135 months.

DATED this 4 day of February, 2019.

BY THE COURT:

James K. Bredar
Chief Judge